IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Patricia Perrotta, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   12 C 10352 |
| Northstar Location Services, LLC, a New York limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Patricia Perrotta, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Patricia Perrotta ("Perrotta"), is a citizen of the State of Michigan, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a FIA Card Services credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Northstar Location Services, LLC ("Northstar"), is a New York limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Northstar operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Northstar was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

5. Defendant Northstar is authorized to conduct business in the State of Illinois, and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant Northstar conducts business in Illinois.

6. Moreover, Defendant Northstar is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant Northstar acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

7. Ms. Perrotta is a senior citizen, with limited assets and income, who fell behind on paying her bills. When Northstar began trying to collect the FIA Card Services debt from Ms. Perrotta, by sending her a collection letter dated July 7, 2012, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Northstar's collection actions. A copy of Northstar's July 7, 2012 letter is attached as Exhibit C.

8.     Accordingly, on August 2, 2012, one of Ms. Perrotta's attorneys at LASPD informed Northstar, in writing, that Ms. Perrotta was represented by counsel, and directed Northstar to cease contacting her, and to cease all further collection activities because Ms. Perrotta was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit D.

9.     Nonetheless, Defendant Northstar sent a collection letter, dated November 6, 2012, directly to Ms. Perrotta, which demanded payment of the FIA Card Services debt. A copy of this collection letter is attached as Exhibit E.

10.    Accordingly, on December 3, 2012, one of Ms. Perrotta's LASPD attorneys had to write to Defendant Northstar again to demand that it cease communications and cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit F.

11.    Defendant Northstar's collection actions complained of herein occurred within one year of the date of this Complaint.

12.    Defendant Northstar's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13.    Plaintiff adopts and realleges ¶¶ 1-12.

14.    Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they

refuse to pay.  See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Ms. Perrotta's, agent/attorney, LASPD, told Defendant Northstar to cease communications and cease collections (Exhibit D).  By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendant Northstar violated § 1692c(c) of the FDCPA.

16. Defendant Northstar's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

19. Defendant Northstar knew that Ms. Perrotta was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit D), that she was represented by counsel, and had directed Defendant Northstar to cease directly communicating with her.  By directly sending Ms. Perrotta the November 6, 2012 letter (Exhibit E), despite being advised that she was represented by counsel, Defendant Northstar violated § 1692c(a)(2) of the FDCPA.

20. Defendant Northstar's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15

4

U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Patricia Perrotta, prays that this Court:

1. Find that Defendant Northstar's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Perrotta, and against Defendant Northstar, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Patricia Perrotta, demands trial by jury.

                                                              Patricia Perrotta,

                                                              By: /s/ David J. Philipps
                                                              One of Plaintiff's Attorneys

Dated: December 27, 2012

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com